# Exhibit A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

JACKSON PHILLIP MOSLEY
_____
                          Plaintiff

vs.

Case Number   **2020 CA 004240 B**

USAA FEDERAL SAVINGS BANK
_____
                          Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

JACKSON MOSLEY, PRO SE
_____
Name of Plaintiff's Attorney

301 M Street SW, #1004
_____
Address
WASHINGTON, DC 20024
_____

703-395-1596
_____
Telephone

Clerk of the Court

By _____
                          Deputy Clerk

Date   **10/05/2020**
_____

如需翻译, 请打电话 (202) 879 4828     Veu ez appe er au (202) 879 4828 pour une traduct on     Để có một bài dịch, hãy gọi (202)879 4828

번역을 원하시면, (202) 879 4828 로 연락주십시오      የአማርኛ ትርጉም አስተርጓሚ ከፈለጉ (202) 879 4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Telephone: (202) 879-1133 • Website: www.dccourts.gov**

JACKSON PHILLIP MOSLEY
    Vs.                                 C.A. No.      2020 CA 004240 B
USAA FEDERAL SAVINGS BANK

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                        Chief Judge Robert E. Morin

Case Assigned to: Judge ROBERT R RIGSBY
Date:  October 6, 2020
Initial Conference: 10:00 am, Friday, January 22, 2021
Location:  Courtroom 201
             500 Indiana Avenue N.W.
             WASHINGTON, DC 20001

                                                          CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief     Judge    Robert    E.    Morin

# Superior Court of the District of Columbia

Filed
D.C. Superior Court
10/05/2020 16:30PM
Clerk of the Court

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

| | | |
|---|---|---|
| **JACKSON PHILLIP MOSLEY** | Case Number: | **2020 CA 004240 B** |
| vs | Date: 10/04/2020 | |
| **USAA FEDERAL SAVINGS BANK** | ☐ One of the defendants is being sued in their official capacity. | |

| | |
|---|---|
| Name: Jackson Mosley | Relationship to Lawsuit |
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.:     Six digit Unified Bar No.: | ☒ Self (Pro Se) |
| 703-395-1596 | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury     ☐ 6 Person Jury     ☐ 12 Person Jury

Demand: $ _____     Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: _____     Judge: _____     Calendar #: _____

Case No.: _____     Judge: _____     Calendar#: _____

703-395-1596

NATURE OF SUIT:     *(Check One Box Only)*

**A. CONTRACTS**                    COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☒ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☒ 16 Negligence- (Not Automobile, Not Malpractice)

☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE     IF USED

CV-496/June 2015

# Information Sheet, Continued

## C. OTHERS

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

## II.

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

## D. REAL PROPERTY

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

Signature                                    10/04/2020

                                             Date

1    MR. JACKSON PHILLIP MOSLEY
2    301 M STREET, SW, #1004
3    WASHINGTON, DC 20024
4    703-395-1596
5
6

7              SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

8                              CIVIL DIVISION

9

JACKSON PHILLIP MOSLEY,                )
                                       )
301 M STREET, SW, #1004,               )
                                       )
WASHINGTON, DC 20024,                  )   Case No.: No. __2020 CA 004240 B__
                                       )
              Plaintiff,               )   JACKSON PHILLIP MOSLEY v. USAA FEDERAL
                                       )   SAVINGS BANK
         vs.                           )
                                       )
USAA FEDERAL SAVINGS BANK              )
                                       )
OF                                     )
                                       )
9800 FREDERICKSBURG ROAD               )
                                       )
SAN ANTONIO, TX 78288                  )
                                       )
                                       )
                                       )
              Defendant                )
                                       )
                                       )
                                       )
                                       )
                                       )
                                       )

10

11         1. Jurisdiction of this court is founded on District of Columbia Code, Title 13 (§ 13–423), which states

12    that a District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent,

13    as to a claim for relief arising from the person's transacting any business in the District of Columbia, and the

USAA1009209900112910015

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA – CIVIL DIVISION**

14   plaintiff residing in the District of Columbia at the time the suit is filed;

15        2. Plaintiff alleges that on or about February of 2019, Plaintiff, while attempting to purchase his first home,

16   discovered two credit card accounts–one secured with a limit of $1650 and one unsecured with a limit of $2500–1

17   checking account, and 1 savings account had been opened with Defendant by someone using Plaintiff's name and

18   information. The only authorized business that Plaintiff has knowingly done with Defendant has consisted of an auto

19   insurance policy which was closed by Plaintiff, a credit card opened by Plaintiff in 2012 and satisfactorily paid by

20   Plaintiff, and a currently open account for an auto loan that he cosigned on for his mother's vehicle, also perfectly

21   paid without incident. Plaintiff followed normal procedures for reporting identity theft as prescribed by the Federal

22   Trade Commission including the filing of an Identity Theft Affidavit, a police report with DC Metropolitan Police

23   Department, and filing identity theft disputes with the major credit bureaus. Allegedly an investigation was

24   performed by Defendant and Defendant determined that Plaintiff was not responsible for the checking and savings

25   accounts, but that he was responsible for the two credit card accounts yet would not provide any detailed findings to

26   prove Defendant's determination. Plaintiff contacted all the major credit bureaus and was informed that no detailed

27   information was provided by the Defendant proving the results of the investigation. Plaintiff again disputed

28   Defendant's account reporting with the bureaus, with results of the disputes determining the account was opened by

29   Plaintiff, although, yet again, when Plaintiff asked Defendant to provide proof from the findings of Defendant's

30   investigation, Plaintiff was denied access; presumably because the proof did not exist. It is abundantly clear that

31   Defendant is willfully and knowingly violating several statutes of the FCRA. Defendant's negligence in the initial

32   verification of Plaintiff's identity, in maintaining detailed records, and in investigations into the matter, which have

33   subsequently led to the false information being published on Plaintiff's credit report, have resulted in Plaintiff being

34   perceived as untrustworthy and unreliable, both as a borrower of credit and as a potential employee. It has resulted

35   in Plaintiff being denied a Public Trust Clearance, and his DC Mortgage Loan Officer license, subsequently

36   preventing Plaintiff from accepting a job he very much wanted that would have furthered his career. Further, his

37   FICO rating has caused Plaintiff to be unfairly subjected to unfavorable terms for financial and insurance accounts,

38   and another denial of a mortgage loan due to Defendant's claims that Plaintiff is an untrustworthy borrower.

39   Defendant continues to report to the major credit bureaus each month as a new "Charge-Off," which continues to

2

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA – CIVIL DIVISION**

40  impact his credit standing. Exhausted with the situation, which has now elapsed over a year since the initial

41  discovery in 2019, Plaintiff called, in good faith, and paid the balance on the secured credit card off in full in the

42  amount of $195, despite never opening, using, or receiving any sort of benefits from this account. Plaintiff simply

43  cannot comfortably pay the balance on the other card, particularly because it has a much higher balance at nearly

44  $3000–Plaintiff would be willing to pay such an amount IF the debt was his, however, that simply is not the case

45  and putting that much money towards it is just ridiculous lunacy. Plaintiff has been left with no other recourse than

46  to file this legal action in order to be able reach Plaintiff's immediate goal of purchasing a home prior to his current

47  apartment lease expiration. This complaint serves as Plaintiff's last resort for seeking relief from the Defendant's

48  previous and ongoing negligence. Plaintiff is an upstanding citizen, graduated top of his class from American

49  University, and has countless references proving his character. However, in a world highly dependent on Plaintiff's

50  credit rating, he is perceived in a highly negative light by potential banks, insurance companies, employers, and all

51  other parties seeking credit bureau reports and background checks.

52      3. Plaintiff possesses no formal legal training and is not in a financial position to hire legal counsel, as it is

53  in his best interest to preserve liquid capital for what will hopefully be a home purchase in the near future. Plaintiff

54  respectfully asks the court to excuse natural ignorance that may be reflected in these legal filings. Plaintiff

55  respectfully asks for equitable relief from the court in this matter. Plaintiff has a pure interest in what is morally right

56  as opposed to creating a taxing legal battle. Plaintiff does not wish to seek monetary damages, but rather asks the

57  court to enter judgement instructing Defendant to do the following:

58  1)  Notify and delete errant information on the reports maintained by all major credit bureaus, Equifax, Experian,

59      and Transunion.

60      a)  Revolving credit line reported by Defendant, appearing as "USAA SVG BK," with an alleged account open

61          date of 10/16/2018, with a status as "paid charged-off account," and a balance of $0. The account number is

62          █████████552.

63      b)  Revolving credit line reported by Defendant, appearing as "USAA SAVINGS BANK," with an alleged

64          account open date of 04/30/2016, with a status as "charged-off account," and a balance of $2,978. The

65          account number is █████████-7435.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA – CIVIL DIVISION

66  2)  Any and all future or current reporting related to these accounts on any credit bureau report(s) not specifically

67      listed above.

68  3)  Removal of Plaintiff's liability of the accounts in question and issue a refund of $195 paid by Plaintiff to

69      Defendant to clear the balance of ▓▓▓▓▓▓▓-552 in good faith.

70  4)  Removal of Plaintiff's liability for checking account numbers ▓▓▓6805 and ▓▓▓4978 that were also

71      fraudulently opened in his name.

Dated this 4th day of October, 2020

MR. JACKSON PHILLIP MOSLEY
301 M STREET, SW, #1004
WASHINGTON, DC 20024

4



USAA10092099001128400108